IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DENNIS KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 19-cv-00580-JED-FHM |
| | ) | |
| (1) CREDIT CORP SOLUTIONS INC., | ) | **COMPLAINT** |
| | ) | **(Unlawful Debt Collection Practices)** |
| Defendant. | ) | |
| | | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, Dennis Kelly, and for a Complaint against Defendant, Credit Corp Solutions Inc. ("CCS"), alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt

collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## STANDING

6. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7. Specifically, Plaintiff suffered a concrete injury to reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

## PARTIES

8. Plaintiff is a natural person who resides in Broken Arrow, Wagoner County, Oklahoma.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Draper, Utah.

12. Upon information and belief, Defendant uses interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumer debt. Defendant additionally file lawsuits against consumers in Oklahoma regarding defaulted consumer debt.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. In January of 2019, Plaintiff received an undated letter from CCS seeking and demanding payment for a debt purportedly owed for a defaulted consumer debt in the amount of $6,555.18.

15. On April 2, 2019, CCS sent additional correspondence to Plaintiff again seeking and demanding payment for the same debt, but had increased the balance to $6,610.71.

16. On May 31, 2019, CCS sent correspondence to Plaintiff, through its attorneys and agent, debt collector and law firm Love, Beal & Nixon, PC ("LBN") again seeking and demanding payment for the same debt, but now stated the amount owed was $6,035.64.

17. On June 24, 2019, Plaintiff sent correspondence to Defendant's agent, LBN, disputing the amount of the alleged debt, requesting validation of the debt pursuant to 15 U.S.C. § 1692g.

18. On July 22, 2019, Defendant's agent LBN sent correspondence to Plaintiff providing a "validated" balance of $6,035.64.

19. 15 U.S.C. § 1692e(2) of the FDCPA provides as follows:

> **False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of - -**
>
> **(A)  The character, amount, or legal status of any debit; or**

20. 15 U.S.C. §1692f(1) of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

21. Either the amounts communicated by CCS to Plaintiff in January, 2019, and February, 2019 were false or the "validated" amount stated communicated to the Plaintiff by CCS's agent on May 31, 2019, and July 22, 2019 were false; all amounts cannot be correct.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant including anger and frustration, amongst other negative emotions.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

23. Defendant violated §1692e(2) and §1692f(1) of the FDCPA by falsely representing the amount of the debt and attempting collection of an amount that was not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, Dennis Kelly, respectfully prays that judgment be entered against Defendant, Credit Corp Solutions Inc., for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
**PARAMOUNT LAW**
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
6472@paramount-law.net